UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VIKKI A. SIMPSON,

       Plaintiff,

                                        Case Number 09-12228-BC

v.                                         Honorable Thomas L. Ludington

LIFENET, INCORPORATED,

       Defendant.
                                       /

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Magistrate Judge Charles E. Binder issued a report and recommendation on September 23, 2009 recommending that the Court grant Defendant LifeNet Incorporated's motion to dismiss based upon an arbitration agreement between Plaintiff Vikki A. Simpson and her former employer, Mobile Medical Response, Inc. ("MMR") [Dkt. # 2]. *See* 28 U.S.C. § 636. Plaintiff filed an objection on October 2, 2009, contending that the report and recommendation should be rejected because Defendant admitted it was not a signatory to the agreement or an intended third-party beneficiary of the agreement [Dkt. # 11]. Defendant filed a reply to the objection on October 21, 2009, contending that Defendant's status as a third-party beneficiary is irrelevant to the question of whether Plaintiff is estopped from filing suit against Defendant without first demanding arbitration pursuant to the terms of the agreement [Dkt. # 12]. For the reasons stated below, the report and recommendation will be **ADOPTED**, the objection **OVERRULED**, and the complaint **DISMISSED WITHOUT PREJUDICE**.

Plaintiff contends in her complaint that she was wrongfully terminated from her position as a flight paramedic with MMR in May 2006 because of tortious interference with her employment

contract perpetrated by Defendant. She claims that "on or after May 17, 2006, Defendant made a series of false statements regarding the Plaintiff to MMR's CEO and improperly demanded that adverse employment action be taken against the Plaintiff by MMR." Pl.'s Cmpl. ¶ 9; [Dkt. # 1]. She contends that those false statements led MMR to terminate her employment. *Id.* Plaintiff previously filed a complaint against MMR in Michigan state court, which was dismissed due to an arbitration agreement that covered her employment contract with MMR, and required that employment claims be submitted to binding arbitration. *See* Op. & Order of Judge Darnell Jackson, Saginaw County Circuit Court # 06-061457-CZ-5 (Jan. 29, 2007); [Dkt. # 2-3]. Defendant LifeNet similarly moved to dismiss the complaint in this case for failure to state a claim, relying exclusively on the arbitration provision. Fed. R. Civ. P. 12(b)(6); [Dkt. # 2]. The motion was referred to Magistrate Judge Charles E. Binder for report and recommendation. [Dkt. # 3].

After setting forth the facts and relevant law, Magistrate Judge Binder concluded that the Federal Arbitration Act applied, 9 U.S.C. §§ 1–307. R&R at 6; [Dkt. # 10]. Applying federal law, he concluded:

> The instant Plaintiff . . . is bringing an action against the non-signatory, LifeNet, for actions taken in concert with the non-defendant signatory, MMR. Plaintiff's original Saginaw County Cause of Action against MMR is virtually identical to the instant action against LifeNet. The factual basis is exactly the same; the only modification made in the instant complaint was to remove the wrongful discharge claims (breach of contract and whistleblower protection) that were brought against MMR while retaining the tortious interference claim but asserting it against LifeNet rather than MMR. In addition, the procedural history reveals that the current action also appears to have been filed in an attempt to avoid the arbitration clause. I therefore suggest that estoppel precludes the instant action and that Defendant LifeNet's motion to dismiss should be granted.

*Id.* at 8–9. Magistrate Judge Binder relied primarily on the Fifth Circuit case *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir. 2000). The *Grigson* court concluded that when the

signatory to an arbitration agreement brings a claim against a nonsignatory that "makes reference to or presumes the existence of a written agreement," the signatory plaintiff is equitably estopped from filing suit in lieu of arbitration if "the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." 210 F.3d at 527 (citing *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). Although not binding, the *Grigson* court's analysis is persuasive. Particularly where, as here, the lawsuit appears to have been filed against a nonsignatory to the employment contract in an attempt to avoid the arbitration provision. *See* R&R at 8–9.

Plaintiff objects to the Magistrate Judge's conclusions, arguing she should not be estopped from litigating her claim because Defendant is not a signatory to the underlying employment contract or arbitration agreement, and Defendant admitted at oral argument it was not a third-party beneficiary to the contract. Plaintiff's objections will be overruled because Defendant's status with respect to the contract is irrelevant to an estoppel claim. A plaintiff, who is the signatory to a contract with an arbitration provision, is estopped from suing nonsignatory defendants for claims that "arise out of and relate directly to" the contract, as long as arbitration is appropriate. *Grigson*, 210 F.3d at 527. Whether the nonsignatory defendant is a third-party beneficiary of the contract is irrelevant.

Plaintiff does not object to the remainder of the Magistrate Judge's conclusions, regarding the relationship between the claim and the contract[1] and the appropriateness of arbitration. Failure

---

[1]Plaintiff makes the conclusory assertion in her objection that "her claims against the Defendant in the present [matter] have absolutely nothing to do with the arbitration agreement." Pl.'s Objection at 3. The assertion is, at best, misleading because her only claim in this lawsuit is tortious interference with an employment contract covered by the arbitration agreement.

-3-

to raise specific objections relieves the Court of further obligation to review the record. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Nevertheless, the Court has reviewed the Magistrate Judge's conclusions and finds them well reasoned and legally sound.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [Dkt. # 10] is **ADOPTED**.

Plaintiff's objection [Dkt. # 11] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion to dismiss the complaint [Dkt. # 2] is **GRANTED**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: January 5, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---